**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

STEVE AND EDNA MAST,

      Plaintiffs,

v

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

_____

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**
_____

COME NOW PLAINTIFFS, Steve and Edna Mast., by and through their attorneys, Smith Jadin Johnson, PLLC, and Complains against the above-named Defendant, American Family Mutual Insurance Company, as follows:

**NATURE OF ACTION**

1.      This is an action by Plaintiffs arising out of Defendant, American Family Mutual Insurance Company's (hereinafter "American Family") failure to pay insurance proceeds due under Plaintiffs' policy of insurance with American Family (the "Policy").

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this civil action pursuant to 28 USC §§ 1332 and 1441 because the amount in controversy is in excess of $75,000 and is between citizens of different states.

1

3.      Plaintiffs David and Edna Mast are citizens of and domiciled in Colorado Springs, Colorado.

4.      On information and belief, Defendant American Family Mutual Insurance Company is a corporation organized under the laws of Wisconsin with its principal place of business located at 6000 American Parkway, Madison, WI 57373, and is authorized to do business in Colorado.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiffs reside in this district and the facts giving rise to this action took place in this district.

6.      There is a justiciable controversy regarding the parties' legal rights and legal relations, entitling Plaintiffs to a declaratory judgment.

## FACTS

7.      Plaintiffs are the owners of real property located at 2427 Spanish Oak Terrace in Colorado Springs, Colorado (the "Property").

8.      The windows at the Property were manufactured by Crestline.

9.      The Crestline windows have been discontinued and Crestline no longer manufactures replacement parts.

10.     At all times relevant to this action, the Property was insured by an American Family policy of insurance, Policy No. xxxxxx3001 (the "Policy").

11.     The Policy insures against, amongst other things, damage arising from hail and wind.

12.     On or about July 8, 2016, the Property sustained damage from hail and wind (the "Loss").

13.     The Loss caused damage to many parts of the Property, including the windows.

14.     American Family acknowledged that a covered loss occurred but failed to estimate for the total amount of the Loss.

15.     Specifically, American Family required that the Plaintiffs repair their window damage by replacing window sashes with a non-Crestline replica sash product.

16.     On information and belief, the Policy requires repairs of materials with "like construction for similar use" construction.

17.     The proposed repair of using aftermarket sashes does not constitute "like construction for similar use" construction.

18.     In addition, the proposed repair using aftermarket sashes does not meet existing building standards in the area.

19.     The City of Colorado Springs follows the 2009 International Residential Code ("IRC") and 2009 International Energy Conservation Code ("IECC").

20.     In relevant part, the 2009 IRC and IECC require that any window repair or sash replacement meet testing protocol performed by the National Fenestration Rating Counsel ("NFRC") and meet certain "U-factor" requirements.

21.     According to the NFRC, the proposed replacement sashes have not passed the appropriate NFRC protocol.

22.     On April 10, 2018, counsel for Plaintiffs sent a letter to American Family informing it of these requirements.

23.     In relevant part, the April 10, 2018 letter informed American Family that (1) the Masts were represented by counsel; (2) that all communications must be directed to counsel; and (3) that American Family's proposed replica sash repair did not meet local building standards.

24.     American Family refused to respond unless provided a signed copy of the Plaintiffs' engagement agreement with counsel.

25.     American Family ignored counsel's request to communicate with counsel and contacted

Plaintiffs directly.

26.     American Family refused to provide for the proper scope of repair to the windows.

27.     American Family maintained that windows repairs could be made with non-confirming

replica sashes on the basis that since a permit was not required to perform the work that it did not

have to be performed in accordance with local building standards.

28.     To date, American Family has refused to provide coverage for the necessary repairs at the

Property arising from the Loss.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

29.     Plaintiffs restate and reallege the preceding paragraphs as though fully set forth herein.

30.     The Policy is an enforceable contract between Plaintiffs and American Family.

31.     The Policy provides coverage for the cost to repair or replace damaged parts of the

Property.

32.     American Family's failure to pay the amount necessary to repair the damaged windows

constitutes a breach of the Policy.

33.     Plaintiffs are entitled to damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

34.     Plaintiffs restate and reallege the preceding paragraphs as though fully set forth herein.

35.     American Family owed duties to the Plaintiffs under the Policy's implied covenant of good

        faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise

        of fair dealing, deal with the Plaintiffs fairly and honestly, faithfully perform its duties of

representation, and do nothing to impair, interfere with, hinder, or potentially injure the Plaintiffs' rights to receive covered benefits under the Policy.

36.    American Family acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, intentionally delaying payment of benefits and refusing to extend coverage for "like construction for similar use," in contradiction to the language in the insurance policy and Colorado law.

37.    American Family further acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

   a. Failing to properly investigate and evaluate the Plaintiffs' claim for Policy benefits;
   b. Failing to pay the Plaintiffs the full benefits owed under the Policy;
   c. Failing to pay amounts under the Policy in a timely manner;
   d. Failing to effectuate a prompt, fair, and equitable settlement of the Plaintiffs' claims;
   e. Failure to give equal consideration to the Plaintiffs' rights and interests as it has given its own interests;
   f. Depriving the Plaintiffs of the benefits and protections of the contract of insurance;
   g. Compelling the Plaintiffs to institute litigation in order to recover amounts due under the Policy; and
   h. Other conduct to be revealed through discovery.

### THIRD CAUSE OF ACTION
**(Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)**

38.    Plaintiffs restate and reallege the preceding paragraphs as though fully set forth herein.

39.    Colo. Rev. Stat. § 10-3-1115 prohibits an insurer from unreasonably delaying or denying payment of a claim for benefits under a policy of insurance owed to or on behalf of a first-party claimant.

40.    Plaintiffs are first-party claimants as contemplated by Colo. Rev. Stat. § 10-3-1115.

41.    American Family has refused to issue payment for the remaining amount of the claim without a reasonable basis.

42.     American Family has unreasonably delayed the claim by refusing to communicate with retained counsel.

43.     Pursuant to Colo. Rev. Stat. § 10-3-1116, Plaintiffs are entitled to recover their attorneys' fees, costs, and two times the covered benefit under the Policy in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against American Family as follows:

A.  For compensatory damages in an amount to be proved at trial;

B.  For double damages pursuant to Colo. Rev. Stat. § 10-3-1116;

C.  For prejudgment interest, statutory or moratory, and post judgment interest allowed by law;

D.  For reasonable attorneys' fees and costs of suit; and

E.  For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demands trial by jury.

**SMITH JADIN JOHNSON, PLLC**

Dated: August 1, 2018                    /s/ Timothy D. Johnson
                                         Timothy D. Johnson (#51851)
                                         Christopher Drake (#46998)
                                         11755 Airport Way, Suite E
                                         Broomfield, CO 80021
                                         Telephone: (952) 314-1169
                                         Facsimile: (612) 235-7927
                                         E-mail: tjohnson@sjjlawfirm.com
                                         cdrake@sjjlawfirm.com
                                         *Attorneys for Plaintiffs*

6